# In the United States Court of Federal Claims

### No. 12-216C
### (Filed:  April 25, 2013)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
UUSI, LLC, and OLDNAR CORP.,              *
                                          *
                    Plaintiffs,           *      Patent Infringement; 28 U.S.C. §
                                          *      1498(a); 41 U.S.C. § 114;
          v.                              *      28 U.S.C. § 2071(a), (c);
                                          *      28 U.S.C. § 2503(b);
THE UNITED STATES,                        *      Subject-Matter Jurisdiction;
                                          *      Rules of the United States Court
                    Defendant,            *      of Federal Claims
                                          *      12(b)(1), 14(b), 14(c)(1)(A);
GHSP, INC.,                               *      Third-Party Practice; Third-Party
                                          *      Indemnification.
          Third-Party Defendant,          *
                                          *
AM GENERAL, LLC,                          *
                                          *
          Third-Party Defendant.          *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Timothy F. Noelker, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101, for Plaintiffs.  Dean Franklin, Scott F. Lane, Sartouk Moussavi, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101, of Counsel.

Stuart F. Delery, John Fargo, Conrad J. DeWitte, Jr., Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC 20530, for Defendant.  Gary L. Hausken, Assistant Director, Department of Justice, Washington, DC 20530, of Counsel.

Robert K. Huffman, Thomas P. McLish, Troy D. Cahill, Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, NW, Washington, DC 20036, for Third Party Defendant, AM General, LLC.

William C. Bergmann, Baker & Hostetler LLP, 1050 Connecticut Avenue, NW, Washington, DC 20036, for Third Party Defendant, GHSP, Inc..  Charles E. Burpee, Kevin G. Dougherty, Warner Norcross & Judd LLP, 900 Fifth Third Center, 111 Lyon, NW, Grand Rapids, MI 49503, of Counsel.

---

### MEMORANDUM OPINION DENYING PLAINTIFFS' MOTION
### TO DISMISS THIRD-PARTY DEFENDANTS

---

**WILLIAMS**, Judge.

Plaintiffs Uusi, LLC ("Uusi") and OLDNAR Corporation ("OLDNAR") bring this patent infringement suit against the United States pursuant to 28 U.S.C. § 1498(a). Plaintiffs allege that Defendant purchased engine starter devices for inclusion in High Mobility Multipurpose Wheeled Vehicles ("Humvees") from AM General LLC ("AM General") and GHSP, Inc. ("GHSP") that infringe Uusi patents. This matter comes before the Court on Plaintiffs' motion to dismiss third parties AM General and GHSP for lack of subject-matter jurisdiction or, in the alternative, for insufficiency of their pleadings.

Plaintiffs argue that the repeal of 41 U.S.C. § 114 eviscerated Rule 14 of the Rules of the United States Court of Federal Claims, thus precluding this Court from exercising subject-matter jurisdiction over third-party defendants. Plaintiffs claim that because there is no third-party plaintiff seeking to invoke the jurisdiction of the Court, and because AM General and GHSP cannot otherwise establish subject-matter jurisdiction, they must be dismissed. Alternatively, Plaintiffs contend that AM General and GHSP's pleadings are insufficient because they are improperly styled as answers, and because they fail to state the third parties' interest in the subject of the litigation as required by Rule 14(c)(1)(A).

Contrary to Plaintiffs' argument -- which confuses the Court's ability to exercise subject-matter jurisdiction with third parties' ability to participate in the action -- Rule 14 is alive and well at the Court of Federal Claims. AM General and GHSP are government contractors. GHSP sells the engine starter devices at issue in this litigation to the Government, and AM General incorporates the starter devices into Humvees that it then sells to the Government. A finding of Government liability for infringement of Plaintiffs' patents may trigger AM General and GHSP's contractual indemnification obligations. The third parties clearly have interests in this litigation. Because this Court has subject-matter jurisdiction and the Rule 14 requirements for third-party pleading have been met, Plaintiffs' motion to dismiss is **DENIED**.

## Background[1]

Uusi is a limited liability corporation that owns certain businesses and assets of OLDNAR.[2] In 2009, OLDNAR assigned ownership of the following five patents to Uusi:

- U.S. Patent No. 5,287,831, titled "Vehicle Starter and Electrical System Protection"

- U.S. Patent No. 5,327,870, titled "Glow Plug Controller"

- U.S. Patent No. 5,729,456, titled "Glow Plug Controller"

- U.S. Patent No. 6,009,369, titled "Voltage Monitoring Glow Plug Controller"

---

[1] This background is derived from the complaint and should not be construed as findings of fact.

[2] OLDNAR was known as "Nartron Corporation" until 2010.

- U.S. Patent No. 6,148,258, titled "Electrical Starting System for Diesel Engines"

OLDNAR obtained these patents between 1994 and 2000.  The patents cover various parts of starting systems that are used in Humvees.  These vehicles have a remote control switch that heats the engines' "glow plugs" to the temperature at which a driver can start the vehicle.  Since the initial use of Humvees in the 1980s, the Government has used several types of remote control switch systems including the protective control box system.  There were excessive "glow plug burn out" problems with the protective control box system due to cold weather.  Compl. ¶ 15.  OLDNAR manufactured protective control box systems, and by 1997, had begun developing a replacement system that would eliminate the protective control box's problems.  In 1997, the Government tasked its main Humvee contractor, AM General, with finding a replacement remote control switch system.

Following AM General's solicitation of proposals for replacement systems, OLDNAR sold a small quantity of Engine Electrical Start System prototypes to AM General, but reserved the technical data rights associated with them.  KDS, an electromechanical control systems manufacturer, also submitted a proposal to AM General to provide a prototype of the Engine Electrical Start System.

In 1999 and 2000, OLDNAR discovered that both AM General and the Government had been purchasing the Engine Electrical Start System from KDS and that AM General was using the Engine Electrical Start Systems in the production of Humvees that were sold to the Government.  In 2000, OLDNAR notified KDS that its Engine Electrical Start System design infringed OLDNAR's patents, and submitted a letter to a contracting officer at the United States Army Tank-Automotive and Armaments Command ("TACOM") to put the Government on notice of those patents.

GHSP acquired KDS as a subsidiary in 2004, and subsequently the KDS Engine Electrical Start System was sold under both the GHSP and KDS names.  AM General also continued to sell Humvees that contained the Engine Electrical Start System technology to the Government.  Uusi alleges that despite their knowledge of the Uusi patents, KDS and GHSP have continued to sell the infringing Engine Electrical Start System directly to the Government, as well as to AM General, and that, as of the date of the Complaint, April 3, 2012, "KDS and GHSP have delivered approximately 200,000 infringing [Engine Electrical Start Systems] directly to the Government, and thousands more to AM General for testing and incorporation into [Humvees]."  Compl. ¶ 25.

Uusi alleges that its patented technology has also been included in KDS's 2007 Smart Start System, a product that is now replacing the Engine Electrical Start System.  Like the Engine Electrical Start System, the Smart Start System is incorporated into the Humvees that AM General sells to the Government.  In June 2008, the Government publicly released a pre-solicitation notice announcing its intent to procure 5,904 Smart Start Systems from KDS, the only approved source of supply.  OLDNAR objected to the notice because it had not been given an opportunity to prepare a product and compete for the order.  In response, the Government reduced its procurement to 333 Smart Start Systems it urgently needed, allegedly to give OLDNAR time to prepare a qualifying product.  The Government awarded the 333-unit Smart

Start System contract "to KDS or GHSP" on November 1, 2008.  Compl. ¶ 31.  OLDNAR was unable to begin to prepare a qualifying product until February 2009, when the Government released the Smart Start System drawings.  Uusi's Smart Start System was not approved as an alternative to the KDS and GHSP Smart Start System until 2011.  Uusi contends that, as of the date of the Complaint on April 3, 2012, "KDS and GHSP have delivered over 20,000 infringing [Smart Start Systems] directly to the Government, and thousands more to AM General for testing and incorporation into [Humvees]."  Compl. ¶ 34.

## Procedural History

On August 15, 2012, some four months after this action was initiated, the Government filed a Rule 14(b) motion to notice third parties AM General and GHSP.  As grounds for this motion, the Government represented that AM General and GHSP have an apparent interest in this litigation that merits Rule 14(b) notice "[g]iven their involvement in the manufacture and procurement of the accused starter and/or starter-related devices."  Def.'s Unopposed Mot. to Notice Third Parties 4.  This interest "includes establishing that their respective systems do not infringe any valid claim of the patents in suit."  Id.  In support of these entities' interest in this litigation, the Government also cited AM General's contractual obligation to indemnify the Government in the event of patent infringement liability and GHSP's potential responsibility to indemnify AM General.

The Government pointed out that Contracts DAAE07-01-C-S001 and SPM7LX-09-D-9001 between the Government and AM General contain FAR 52.212-4, which states in part:

> (h) *Patent Indemnity*. The Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark, or copyright, arising out of the performance of this contract, provided the Contractor is reasonably notified of such claims and proceedings.

48 C.F.R. 52.212-4(h) (2005); Mot. to Notice Third Parties, Exhs. A, B.  Additionally, the Government suggested that "there may be at least one contract between KDS and/or GHSP and AM General for the provision of the allegedly infringing starter and/or starter-related devices," which "may contain a provision that at least in some circumstances may allow AM General to seek from GHSP indemnification for infringement of the patents in suit in this case."  Def.'s Mot. to Notice Third Parties 3.

Plaintiffs did not object to the Government's motion to notice third parties.  On August 16, 2012, the Court granted this unopposed motion, stating that "[i]f AM General and GHSP determine that they have an interest in this action, they may enter this action by filing an appropriate pleading setting forth their interest in the subject-matter of this litigation . . . ."  Order Granting Def.'s Unopposed Mot. to Issue Notice 2.  On October 9, 2012, GHSP filed an answer denying Plaintiffs' allegations, and raising affirmative defenses contending that "GHSP has not infringed any valid claim of the [Uusi] patents."  Answer of GHSP 7.  On October 10, 2012, AM General filed an answer denying Plaintiffs' allegations and presenting defenses that

"AM General has a license under the patents-in-suit" and that "AM General has not infringed and does not infringe literally or under the doctrine of equivalents, any valid claim of the patents-in-suit." Answer of AM General ¶¶ 53, 56. On January 7, 2013, Plaintiffs filed the instant motion to dismiss third parties AM General and GHSP for lack of subject-matter jurisdiction under RCFC 12(b)(1) or, in the alternative, for judgment on the pleadings against these entities under RCFC 12(b)(6), 12(c), and 12(h)(2).

## Discussion

### Jurisdiction

Pursuant to 28 U.S.C. § 1498(a), the United States Court of Federal Claims has exclusive jurisdiction over all patent infringement actions against the Government. Advanced Software Design Corp. v. Fed. Reserve Bank of St. Louis, 583 F.3d 1371, 1372-73 (Fed. Cir. 2009); Hughes Aircraft Co. v. United States, 534 F.2d 889, 897 (Ct. Cl. 1976). 28 U.S.C. § 1498(a) reads, in relevant part:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. . . .

> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, subcontractor, or any person, firm or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

28 U.S.C. § 1498(a) (2006). In evaluating a Rule 12(b)(1) motion to dismiss, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Frymire v. United States, 51 Fed. Cl. 450, 454 (2002); Low v. United States, 90 Fed. Cl. 447, 450 (2009) (citing Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989)). "The complaint should not be dismissed unless it is beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Hamlet, 873 F.2d at 1416 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Defendant's Third-Party Notice under Rule 14 Does Not Implicate Subject-Matter Jurisdiction**

Plaintiffs have moved to dismiss third parties GHSP and AM General for lack of subject-matter jurisdiction.  They contend that GHSP and AM General assert "claims, defenses and requests for relief against Plaintiffs and cite [Court of Federal Claims] Rule 14 as the supposed authority." Mot. to Dismiss 4.  Plaintiffs object to GHSP and AM General's identification as "third party defendants," in the absence of a third-party complaint filed by the Government.  Id. They claim that filing an answer in response to the Government's motion to notice third parties is an inappropriate pleading.  Plaintiffs assert that third parties must establish subject-matter jurisdiction to file a response under Rule 14(c)(1)(A), and that AM General and GHSP have failed to do so.  Mot. to Dismiss 4.

Rule 14 establishes the procedures for notification of a third party with an alleged interest in the subject matter of an action.  Pac. Gas & Elec. Co. v. United States, 98 Fed. Cl. 699, 701 (2011).  Pursuant to Rule 14(b)(1), "[t]he court, on motion or on its own, may notify any person with the legal capacity to sue or to be sued who is alleged to have an interest in the subject matter of the suit."  The interest requirement of Rule 14(b)(1) is broad, and "an apparent interest is sufficient for notice to issue '[e]ven in those situations where an alleged third party interest in the suit is uncertain.'"  Allied Oil & Supply, Inc. v. United States, 60 Fed. Cl. 223, 225-26 (2004) (quoting Del-Rio Drilling Programs, Inc. v. United States, 17 Cl. Ct. 844, 849 (1989)).  "A person against whom the United States alleges a nonfrivolous claim for indemnity is a party who 'appears' to have such an interest." Carrier Corp. v. United States, 209 Ct. Cl. 267, 269 (1976) (per curiam).  This Rule 14 interest therefore includes both direct and potential pecuniary interests in the outcome of the action. Pac. Gas & Elec. Co., 98 Fed. Cl. at 701.

Rule 14(c)(1)(A) states that "[a] person served with a notice issued under this rule may file an appropriate pleading setting forth the person's interest in the subject matter of the litigation."  Once a noticed party files a pleading under Rule 14(c)(1)(A), that third party has standing to seek adjudication of the claims at issue in the suit. See USHIP Intellectual Props., LLC, 98 Fed. Cl. 396, 405 (2011).  However, a motion for notice and subsequent appearance of an interested third party does not create claims between the plaintiff and the third party, and as such does not implicate jurisdiction.  Allied Oil & Supply, 60 Fed. Cl. at 229; Uram v. United States, 216 Ct. Cl. 418, 420 (1978) (issuance of notice to an interested third party "requires no jurisdictional evaluation").

Plaintiffs appear to contend that subject-matter jurisdiction is affected by AM General and GHSP's answers to the Government's motion to notice third parties, and that the absence of a third party plaintiff prevents them from protecting their interests under Rule 14(c)(1)(A).  Mot. to Dismiss 4.  This contention fails.  Nothing in the text of Rule 14 suggests that an assertion of interest requires the existence of a third-party plaintiff, or that subject-matter jurisdiction is implicated by a third party's effort to protect its interest in an action against the Government. See, e.g., Allied Oil & Supply, Inc., 60 Fed. Cl. at 229 (articulating the distinction between notice and jurisdiction, and noting that considerations of jurisdiction are "immaterial" to a court's ability to notice an interested third party); Uram, 216 Ct. Cl. at 420.

Plaintiffs further assert that GHSP and AM General have "enter[ed] this suit and present[ed] claims, defenses, or requests for relief <u>against Plaintiffs</u>," without a statutory grant of jurisdiction.  Mot. to Dismiss 5 (emphasis added).  However, neither GHSP nor AM General has asserted claims against Plaintiffs, and there are no impleader-type claims that must be supported independently by subject-matter jurisdiction.  Contrary to Plaintiffs' assertions, AM General and GHSP's answers to the notice to third parties issued by this Court did not magically create new claims between Plaintiffs and these third parties that would demand an independent jurisdictional predicate.  <u>Cf. Allied Oil & Supply, Inc.</u>, 60 Fed. Cl. at 229.  Rather, in their answers AM General and GHSP simply endeavored to protect their interests in preventing a finding of patent infringement for which they may have indemnification responsibilities.  These interests of AM General and GHSP have already been clearly recognized by Plaintiffs in their tactical decisions in this action, in particular in Plaintiffs' failure to oppose the Government's motion to notice third parties and in their service of discovery requests on AM General without subpoenas.  The mere participation of these third parties in a patent action against the Government without the assertion of any new claim does not operate to deprive this Court of subject-matter jurisdiction over any aspect of this litigation.

## Rule 14 Was Not Affected by the Repeal of 41 U.S.C. § 114

Plaintiffs further contend that, because Rule 14 was originally promulgated pursuant to 41 U.S.C. § 114, the 2011 repeal of 41 U.S.C. § 114 undermined this Court's authority to notice parties and permit them to file pleadings setting forth their interest in the litigation.  Third-party practice in the Court of Federal Claims "developed from the Contract Settlement Act of 1944," codified until 2011 at 41 U.S.C. § 114.  <u>Bird v. United States</u>, 51 Fed. Cl. 536, 539 (2002).  Although Rule 14 is "substantially modeled upon the Contract Settlement Act of 1944," 41 U.S.C. § 114, it is nonetheless an independent rule of this Court.  <u>Pac. Gas & Elec. Co.</u>, 98 Fed. Cl. at 701 n.3.  There are other independent statutory bases supporting the continued viability of Rule 14.  The Court of Federal Claims, as an Article I court created by the Federal Courts Improvement Act of 1982, has authority to promulgate its own rules.  28 U.S.C. § 2071(a) (2006) ("The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business."); 28 U.S.C. § 2503(b) (2006) ("The proceedings of the Court of Federal Claims shall be in accordance with such rules of practice and procedure (other than the rules of evidence) as the Court of Federal Claims may prescribe and in accordance with the Federal Rules of Evidence.").  Furthermore, 28 U.S.C. § 2071(c)(1) confirms that "[a] rule of a district court prescribed under subsection (a) shall remain in effect unless modified or abrogated by the judicial council of the relevant circuit."  The notice provision of Rule 14 has been part of this Court's procedural practices since 1951.  <u>Oak Forest, Inc. v. United States</u>, 26 Cl. Ct. 1397, 1401 (1992).  Rule 14 closely tracks Federal Rule of Civil Procedure 14, and serves the important purpose of providing a mechanism for notifying parties with an interest in the subject matter of litigation.  It has not been modified or abrogated by this Court since the repeal of § 114.  As such, Rule 14's notice procedure in this Court is fully effective in spite of § 114's repeal.

**Third Parties AM General and GHSP Have Properly Established Their Interest and Status As Third-Party Defendants Pursuant to Rule 14**

Plaintiffs assert that "[a]lthough the United States' Motion to Notice Third Parties represented that it may have contractual indemnification rights against AM General, neither GHSP nor AM General has set forth its interest in the subject matter of the litigation in its pleading." Mot. to Dismiss 5-6.  Plaintiffs' assertion is unpersuasive.  Indeed, Plaintiffs' own allegations highlight the interests of GHSP and AM General in this litigation.  Specifically, Plaintiffs allege that  GHSP and AM General "have been, and now are, using or manufacturing, without license of Plaintiffs or lawful right to use or manufacture, the inventions described in and covered by the [Plaintiffs' patents] . . . by using or manufacturing" Engine Electrical Start Systems and Smart Start Systems for and "with authorization and consent of the United States." Compl. ¶¶ 37-38, 42-43.  The Government confirmed that AM General has at least two contracts with the Government that require AM General to indemnify the Government in the event of liability for patent infringement.  Similarly, the Government has represented that GHSP has contracts with AM General that may allow AM General to seek indemnification for patent infringement liability from GHSP.  Def.'s Opp. to Mot. to Dismiss 1; Mot. to Notice Third Parties 2-3.

GHSP and AM General have identified their clear interest in the subject matter of this litigation, namely their potential indemnification responsibilities if the Government is found liable to Plaintiffs for patent infringement.  The interest of the third-party indemnitor is well established in this Court:

> [A] third party indemnitor, summoned or noticed, may be made a party to the suit and has a right to participate in order to protect its interests.  It may assist the United States in the defense of the case, or it may offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest.

Bowser, Inc. v. United States, 190 Ct. Cl. 441, 445-46 (1970) (citing Christy Corp. v United States, 181 Ct. Cl. 768, 771 (1967)).  GHSP and AM General have filed answers and as such have been made parties to the suit for the purposes of protecting their interests in this litigation. See USHIP Intellectual Props., LLC, 98 Fed. Cl. at 405 ("[Third party] filed an Answer, pursuant to RCFC 14(b). As such, [third party] is a party with standing to seek an adjudication of the alleged patent infringement claims at issue").  Contrary to Plaintiffs' argument, the third parties' answers are proper procedural vehicles.

**GHSP's Motion to Intervene**

In response to Plaintiffs' motion to dismiss, and to further protect its interest in the instant litigation, GSHP alternatively moved to intervene as a matter of right pursuant to RCFC 24(a). Although GHSP would clearly qualify as an intervenor as of right, this additional procedural tack was unnecessary.  GHSP already established its standing as a party in interest under Rule 14, by filing its answer in response to this Court's order of August 16, 2012.  See Am. Mar. Transp., Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (establishing that "the requirements

for intervention [as a matter of right] are to be construed in favor of intervention . . . to protect these interests which are of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment") (internal quotations omitted) (emphasis omitted); Honeywell Intern. Inc. v United States, 71 Fed. Cl. 759, 764-65 (2006) (establishing the standard for RCFC 24(a) intervention as a matter of right, and finding that an obligation to indemnify the Government for patent infringement  satisfied the Rule 24(a) standard).

### Conclusion

Plaintiffs' motion to dismiss AM General and GHSP or for judgment on the pleadings, is **DENIED.**

/s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**