# In the United States Court of Federal Claims

No. 12-216C

(Filed: July 24, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
UUSI, LLC, and OLDNAR CORP.,                       *
                                                   *
       Plaintiffs,                                 *
                                                   *
                                                   *    Supplemental Pleading; RCFC 15(d);
       v.                                          *    Futility; RCFC 9(b); Inequitable Conduct;
                                                   *    Materiality; Patent Trial and Appeal
THE UNITED STATES,                                 *    Board; Inter Partes Review; Affirmative
                                                   *    Acts of Egregious Misconduct.
       Defendant,                                  *
                                                   *
                                                   *
       and                                         *
                                                   *
AM GENERAL, LLC,                                   *
                                                   *
       Third-Party Defendant.                      *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *  *
```

Donald R. Dunner and Susan Y. Tull, Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP, 901 New York Avenue, NW, Washington, D.C. 20001, for Plaintiffs.

Chad A. Readler, Gary L. Hausken, and Conrad J. DeWitte, Jr., U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C., 20044, for Defendant.  Michel E. Souaya, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C., 20044, Of Counsel.

Nicole M. Jantzi,  Ian B. Brooks, & Paul M. Schoenhard, McDermott Will & Emery LLP, 500 North Capitol Street, NW, Washington, D.C. 20001, Matthew J. Rizzolo, Ropes & Gray LLP, 2099 Pennsylvania Avenue NW, Washington, D.C. 20006, and James R. Batchelder, Ropes & Gray LLP, 1900 University Avenue, 6th Floor, East Palo Alto, CA 94303, for Third-Party Defendant. Robert K. Huffman, Thomas P. McLish, and Karen D. Williams, Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, Washington, D.C. 20036, Of Counsel.

### OPINION AND ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL ANSWER

**WILLIAMS**, Judge.

This matter comes before the Court on Third-Party Defendant AM General, LLC's ("AM General") motion for leave to supplement its answer to assert the affirmative defense of inequitable conduct. In its proposed supplemental answer, AM General alleges that the patentee UUSI and its counsel before the Patent Trial and Appeal Board ("PTAB") misrepresented the expiration date of two claims of the patent at issue in filings during the institution stage of inter partes review. AM General contends that such misrepresentations were "material" "unmistakably false" "affirmative acts of egregious misconduct" made with the "specific intent to mislead and deceive the Board." Mot. to Amend Ex. A, at ¶¶ 76-89.

Plaintiffs respond that AM General's proposed supplemental answer would be futile and fails to meet the heightened pleading requirement for inequitable conduct required by Rule 9(b) of the Rules of the Court of Federal Claims. Pls.' Opp'n 1. Defendant has not stated a position on AM General's motion and does not itself assert the defense of inequitable conduct. See Def.'s Answer 12-13.

The Court held oral argument on this motion on May 22, 2017,[1] and Plaintiffs and AM General both filed supplemental briefs on June 1, 2017. This Court orally denied AM General's motion on July 18, 2017, finding that the alleged misrepresentations were not material and the amendment would be futile. This order confirms and explains that ruling.

### Background[2]

**Inter Partes Review**

On May 18, 2016, over two years after filing its Answer to Plaintiffs' Amended Complaint in this action, Third-Party Defendant AM General filed a petition with the PTAB seeking inter partes review of U.S. Patent No. 6,148,258 ("the '258 Patent").

Inter partes review ("IPR"), is a Patent and Trademark Office ("PTO") process permitting third parties to challenge the validity of an issued patent as either anticipated or obvious. 35 U.S.C. §§ 102-03, 311 (2016). The first part of this procedure - - the institution stage - - begins when a

---

[1] Citations to the transcript ("Tr.") refer to the May 22, 2017 oral argument.

[2] This background is derived from the attachments to the parties' briefs on the subject motion. In addition, the Court has referenced the PTAB docket for IPR2016-1050. See Dimare Fresh, Inc. v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (explaining that the Court may appropriately consider matters of public record).

third party files a petition for review setting forth the grounds for the challenged patent's invalidity and advocating constructions of contested claim terms. The patent owner may file a preliminary response stating why the PTAB should not grant the petition. If the PTAB finds that there is a reasonable likelihood that the petitioner will prevail with respect to at least one of the claims challenged in the petition, it issues an "Institution Decision" that: (i) authorizes inter partes review, (ii) preliminarily determines the proper construction of certain contested claim terms, and (iii) identifies which claims of the patent will be reviewed for unpatentability. In the second stage of IPR - - the "trial stage" - - the PTAB hears evidence on patentability and, ultimately, "issue[s] a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added . . . ." Id. at § 318(a).

In its petition for inter partes review, AM General asserted that the '258 Patent was expired, and that the claim terms should be construed pursuant to the principles outlined in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005) (en banc). Petition 12 (P.T.A.B. May 18, 2016). On August 19, 2016, in its Patent Owner's Preliminary Response, Plaintiff UUSI countered that the '258 Patent was a continuation-in-part of U.S. Patent No. 6,009,369 and "is only expired to the extent that any claims do not add new matter." Patent Owner's Prelim. Resp. at 26. (P.T.A.B. Aug. 19, 2016). UUSI continued that a claim term that does not add new matter should be construed according to Phillips, while a claim term that adds new matter should be construed under the broadest reasonable interpretation ("BRI") standard. Id. However, UUSI represented that its proposed claim construction would meet either standard. Specifically, UUSI stated:

> UUSI does not concede, as Petitioner avers (see Petition at 12) that the claims at issue, which are continuation in part claims, have expired. However, for purposes of this matter, the constructions being proposed by UUSI would be supportable under either the Phillips or BRI standard.

Id. at 26 n.2.

On October 13, 2016, in its Claim Construction Order, the PTAB sought clarification from UUSI as to the scope of claims that had not expired, directing UUSI to identify the expiration date and "submit a paper that identifies which of the challenged claims contain new matter," and state "where support for that new matter is provided in the Specification." Claim Constr. Order 3 (P.T.A.B. Oct. 13, 2016).

> UUSI responded:
>
> Of the challenged claims in the '258 Patent, claims 17-18 recite new matter that is not disclosed in the related parent applications. Claim 17 depends from claim 1 and recites as a further claim limitation that the apparatus of claim 1 additionally comprises a "remote temperature sensor positoned [sic] outside the housing for monitoring engine temperature." Claim 18 depends from claim 17 and therefore also includes this additional limitation.
>
> \*          \*          \*
>
> Accordingly, the specification provides ample support for the new matter recited in claims 17 and 18. Further, support for the additional limitations of claim 18, which

3

> depends on claim 17 and lists specific types of temperature sensors, is found at column 7:3-15.
>
> **B. Expiration Date of Claims Containing New Matter**
>
> The '258 Patent was filed on May 12, 1998. Thus, the expiration date for claims 17-18 is May 12, 2018, whereas the remaining challenged claims are expired and should be construed under the Phillips standard.

Patent Owner's Resp. to Claim Constr. Order 1-3 (P.T.A.B. Oct. 20, 2016) (internal citations omitted).

AM General took issue with UUSI's response, and, on October 27, 2016, filed a reply stating that UUSI's claimed expiration date of May 12, 2018, was "contrary to the undisputed facts, misleading and frivolous," and filed an exhibit indicating that "Patent expired on 11/14/2012 due to non-payment of maintenance fee." Pet'r's Reply to Claim Constr. Order 1-2, Ex. 1013 (P.T.A.B. Oct. 27, 2016) (internal footnote omitted). In this reply AM General stated without elaboration that "[t]he Board's rules permit sanctions against a party for 'advancing a misleading or frivolous argument or request for relief.'" Id. at 2 n.2 (quoting 37 C.F.R. § 42.12(a)(2)).

On November 14, 2016, the PTAB issued its decision to institute inter partes review of the '258 Patent, concluding that there was "a reasonable likelihood that Petitioner would prevail in proving the unpatentability of claims 1, 11, 12, 17, 18, and 29-31" under 35 U.S.C. § 103. Institution Decision 31 (P.T.A.B. Nov. 14, 2016). The PTAB rejected UUSI's argument regarding expiration, determined that Claims 17 and 18 were expired and found that the Phillips standard, not the BRI standard, should apply in claim construction. The PTAB stated:

> [W]e directed the parties to specify which claims are expired and any relevant portions of the prosecution history. In response, Patent Owner asserts that claims 17 and 18 recite new matter that is not disclosed in the related parent applications, and for that reason, these claims expire on May 12, 2018. Patent Owner acknowledges that the remaining challenged claims are expired. Petitioner responds that all claims of the '258 patent expired on November 14, 2012, "due to nonpayment of maintenance fee."
>
> Indeed, Exhibit 1013 indicates that the '258 patent is expired. Thus all of the challenged claims are expired, and accordingly, we interpret the challenged claims in a manner similar to that applied by a District Court.

Id. at 9 (internal citations omitted).

In its preliminary claim construction, the PTAB determined that only a select few of the claim terms required interpretation. The PTAB agreed with both parties that the term "positoned" in Claim 17 appeared to contain a typographical error, and thus read the term as "positioned." Id. at 16. The PTAB stated that its claim construction determinations and other findings in the Institution Decision were preliminary and subject to change because "[a]t this stage of the proceeding, the Board has not made a final determination as to the patentability of any challenged claim or any underlying factual and legal issues." Id. at 31.

**AM General's Allegations of Inequitable Conduct**

In its proposed supplemental Answer, AM General alleges in pertinent part:

65. The '258 Patent is unenforceable and Uusi, LLC and Oldnar Corporation (collectively "Plaintiffs") are barred from asserting infringement of the '258 Patent because Uusi and its counsel engaged in inequitable conduct during a parallel <u>inter partes</u> review ("IPR") proceeding at the U.S. Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") in <u>AM General, LLC v. Uusi, LLC</u>, No. IPR2016-01050 ("the '258 IPR").

\*   \*   \*

78. On August 19, 2016, Uusi filed with the PTAB its Patent Owner Preliminary Response, which [PTAB counsel] signed.

79. In its Patent Owner Preliminary Response, Uusi misleadingly argued that "[t]he '258 Patent . . . is only expired to the extent that any claims do not add new matter."

\*   \*   \*

82. On October 20, 2016, Uusi filed with the PTAB its Patent Owner Response to October 13, 2016 Claim Construction Order, which [PTAB counsel] signed.

83. In its October 20, 2016 Patent Owner Response to October 13, 2016 Claim Construction Order, Uusi again misrepresented the expiration date of certain claims of the '258 Patent, expressly and falsely stating that "the expiration date for claims 17-18 is May 12, 2018."

\*   \*   \*

86. Upon information and belief, Uusi and its counsel have thus repeatedly misrepresented to the USPTO, including in a response to the PTAB's direct inquiry regarding the '258 Patent expiration date, that certain claims of the '258 Patent have not expired. Such acts directly violate the duty of candor owed by Uusi, LLC to the USPTO and the Board pursuant to 37 C.F.R. § 42.11.

87. Upon information and belief, Uusi's misrepresentations are material.

88. Upon information and belief, Uusi's misrepresentations are affirmative acts of egregious misconduct that are unmistakably false.

89. Upon information and belief, the single most reasonable inference that can be drawn from Uusi and its counsel's conduct before the PTAB is that Uusi and its counsel possessed the specific intent to mislead and deceive the Board.

90. As a consequence of Uusi and its counsel's materially false and misleading statements made in violation of their duty of candor to the PTO, all claims of the '258 Patent are unenforceable.

Mot. to Amend Ex. A, at ¶¶ 65, 78-79, 82-83, 86-90.

## Discussion

### The Legal Standard Governing Supplementation of Pleadings

AM General seeks leave to serve a supplemental answer under Rule 15(d) of the Rules of the United States Court of Federal Claims ("RCFC").  Plaintiffs oppose AM General's motion to amend as being "facially meritless" and futile. Pls.' Opp'n 1.  Rule 15(d) provides in relevant part:

> **(d) Supplemental Pleadings**. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

This Court has discretion to deny leave to serve a supplemental pleading so long as it does so "upon reasonable notice and upon such terms as are just." Black v. Sec'y of Health & Human Servs., 93 F.3d 781, 789 (Fed. Cir. 1996) (internal quotation marks omitted).  Since the "same principles that support the liberal amendment of pleadings also apply to supplemental pleadings," the Court applies those principles in determining whether to grant leave. Sys. Fuels, Inc. v. United States, 73 Fed. Cl. 206, 211 (2006) (internal citation and quotation marks omitted). Notwithstanding the liberal supplementation standard of Rule 15(d), "a case-specific reason might cause a court to deny leave" to supplement, such as the futility of the proposed supplemental pleading. Id.  A court should not grant leave to amend if the proposed supplemental defense would be futile.  See The Centech Grp., Inc. v. United States, 78 Fed. Cl. 658, 661 (2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### Affirmative Defense of Inequitable Conduct

Inequitable conduct is a judicially created doctrine providing an affirmative defense to patent infringement.  The doctrine's logic is straightforward - - if clear and convincing evidence shows a patent applicant intentionally deceived the PTO to obtain a patent claim, then that deceit calls into question the validity of the entire patent, and the patent should not be enforced in a court of law.  See Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc).

Because inequitable conduct is not a claim-specific "validity" defense, a finding of inequitable conduct regarding any single claim renders the entire patent unenforceable, a remedy that has been dubbed  "the 'atomic bomb' of patent law." Id. at 1288 (quoting Aventis Pharma S.A. v. Amphastar Pharms., Inc., 525 F.3d 1334, 1349 (Fed. Cir. 2008) (Rader, J., dissenting)). Due to the severity of this remedy, the inequitable-conduct doctrine "is only applied where the patentee has unfairly obtained an unwarranted patent through misconduct." Ohio Willow Wood Co. v. Alps S., LLC, 735 F.3d 1333, 1344 (Fed. Cir. 2013).

### RCFC 9(b) and Inequitable Conduct

In patent infringement cases, the affirmative defense of inequitable conduct must be pleaded with particularity and must meet the heightened standard of RCFC 9(b). Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1342

(Fed. Cir. 2003). Rule 9(b) requires that: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." RCFC 9(b). "[I]n pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009).

### AM General's Allegations of Inequitable Conduct

To prove inequitable conduct, an alleged infringer "must show by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." In re Rosuvastatin Calcium Patent Litig., 703 F.3d 511, 519 (Fed. Cir. 2012). "Materiality and intent must be separately established" by "clear and convincing evidence." Id.[3]

### Materiality

In Therasense, the Federal Circuit recognized that, "as a general matter, the materiality required to establish inequitable conduct is but-for materiality." 649 F.3d at 1291. The information omitted or misrepresented must be material to patentability, meaning that "it must be shown that the PTO would not have allowed the claim but for the nondisclosure or misrepresentation." In re Rosuvastatin, 703 F.3d at 519. Therasense recognized an exception to the general rule requiring proof of but-for materiality by clear and convincing evidence for "affirmative egregious misconduct" "to capture extraordinary circumstances" of misconduct, where materiality would be presumed. Therasense, 649 F.3d at 1292-93; see Apotex Inc. v. UCB, Inc., 763 F.3d 1354, 1362 (Fed. Cir. 2014) (stating that where misrepresentations regarding the prior art were "but-for material," the Court need not decide whether conduct "rises to the level of egregious misconduct such that materiality could have been presumed").

AM General's inequitable conduct charge against UUSI is based on UUSI and its counsel's alleged misrepresentation of the expiration date of Claims 17-18 of the '258 Patent to the PTAB before IPR was instituted.

AM General emphasized at oral argument that it was relying on the "egregious misconduct exception" in lieu of seeking to prove but-for materiality. Tr. 8. In positing that UUSI's argument - - which the PTAB rejected - - is extraordinary "egregious misconduct," AM General twists the law on materiality beyond recognition. The Federal Circuit, in recognizing that some misconduct is so egregious that it is per se material, did not create a less onerous "alternative" to proving materiality, but merely acknowledged that materiality would be presumed for obviously egregious misconduct such as that involving fraud.

As the Federal Circuit explained in Therasense,

> Although but-for materiality generally must be proved to satisfy the materiality prong of inequitable conduct, this court recognizes an exception in cases of affirmative egregious misconduct. This exception to the general rule requiring but-

---

[3] In the instant case, because AM General has clearly not alleged facts sufficient to support a finding of materiality, the Court does not reach the issue of intent.

>for proof incorporates elements of the early unclean hands cases before the Supreme Court, which dealt with "deliberately planned and carefully executed scheme[s]" to defraud the PTO and the courts. Hazel–Atlas, 322 U.S. at 245, 64 S.Ct. 997. When the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material. See Rohm & Haas Co. v. Crystal Chem. Co., 722 F.2d 1556, 1571 (Fed. Cir. 1983) ("there is no room to argue that submission of false affidavits is not material"); see also Refac Int'l, Ltd. v. Lotus Dev. Corp., 81 F.3d 1576, 1583 (Fed. Cir. 1996) (finding the intentional omission of declarant's employment with inventor's company rendered the affidavit false and that "[a]ffidavits are inherently material").

649 F.3d at 1292 (alteration in original).

The alleged conduct of UUSI and its PTAB counsel in the PTAB proceeding lacked the requisite indicia of fraud or unmistakable falsehood required for "affirmative egregious misconduct" set forth in Therasense. An erroneous and ill conceived argument about the expiration date of two patent claims, fully aired before the PTAB and rejected by that tribunal, is a far cry from the type of misconduct courts have found to be inherently egregious such as perjury, bribery or manufacturing evidence. See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 816-17 (1945) (involving perjury); Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238, 242-45 (1944) (involving deliberate manufacture of evidence as well as bribery); Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 243 (1933) (involving bribery and the suppression of evidence).

Nor has AM General pleaded facts that would establish but-for materiality. AM General's proposed supplemental answer is devoid of a factual predicate indicating that UUSI and its PTAB counsel's alleged misrepresentation met the standard for but-for materiality. Because the PTAB made no determination as to patentability in deciding to institute inter partes review, UUSI's misrepresentations to the PTAB were not material to claim construction or the patentability of any claim. AM General has not shown that "but for" UUSI's subsequent representation of the erroneous expiration date of Claims 17 and 18, the PTO "would not have allowed" the '258 Patent to issue in 2000. See Therasense, 649 F.3d at 1291 (in assessing the materiality of alleged inequitable conduct, the court must determine whether the PTO would have allowed the claim if it had been aware of the alleged misrepresentation).

As the Supreme Court in Corona Cord Tire Co. v. Dovan Chemical Corp. recognized, even "reckless" representations in affidavits would not meet the standard for but-for materiality where the "reckless" representation was not the but-for cause of the patent's issuance. As the Therasense Court, parsing Corona Cord, related:

>In Corona Cord Tire Co. v. Dovan Chemical Corp., the Supreme Court considered the materiality of a patentee's misrepresentation to the PTO. 276 U.S. 358, 373–74, 48 S.Ct. 380, 72 L.Ed. 610 (1928). The patentee had submitted two affidavits, falsely claiming that the invention had been used in the production of rubber goods when in fact only test slabs of rubber had been produced. Id. Because the misrepresentation was not the but-for cause of the patent's issuance, the Court held

8

that it was immaterial and refused to extinguish the patent's presumption of validity:

> "Production of rubber goods for use or sale was not indispensable to the granting of the patent. Hence the affidavits, though perhaps reckless, were not the basis for it or essentially material to its issue. The reasonable presumption of validity furnished by the grant of the patent, therefore, would not seem to be destroyed."

Id. at 1291 (quoting Corona Cord, 276 U.S. at 374).

In order for an alleged misrepresentation to be "material," the proponent of the inequitable conduct charge must prove that the patentee "benefitted" from the alleged misrepresentation. Outside the Box Innovations, LLC v. Travel Caddy, LLC, 695 F.3d 1285, 1292 (Fed. Cir. 2012) (per curiam) (overturning a finding of inequitable conduct because the district court found a non-disclosure to be material even though "there was no suggestion of how Travel Caddy may have benefitted from the non-disclosure"). However, as counsel for AM General acknowledged, "[a]t this juncture at the PTAB, the claims of non-expiration had not benefitted UUSI." Tr. at 24. Indeed, as relevant here, the critical inquiry for the PTAB was which standard to apply for claim construction - - the BRI standard or the Phillips standard. UUSI represented that its proposed construction would meet either standard, indicating that UUSI itself was not relying upon its expiration argument to be outcome determinative. The PTAB found that all claims of the '258 Patent had expired and should be construed under the Phillips standard. UUSI's alleged misrepresentation that AM General seeks to use as the linchpin of its inequitable conduct defense, does not come close to being material, as it was of no moment to either UUSI or the PTAB.

Here, the alleged misrepresentation of the expiration date of Claims 17-18 had nothing to do with the initial grant of the patent and had no impact on the PTAB's decision to institute inter partes review, as the PTAB rejected Plaintiffs' argument about the expiration date in summary fashion and Plaintiffs gained no advantage.[4] As the Federal Circuit recognized in Therasense,

> As an equitable doctrine, inequitable conduct hinges on basic fairness. "[T]he remedy imposed by a court of equity should be commensurate with the violation." Columbus Bd. of Educ. v. Penick, 443 U.S. 449, 465, 99 S.Ct. 2941, 61 L.Ed.2d 666 (1979). Because inequitable conduct renders an entire patent (or even a patent family) unenforceable, as a general rule, this doctrine should only be applied in instances where the patentee's misconduct resulted in the unfair benefit of receiving an unwarranted claim. See Star, 537 F.3d at 1366 ("[j]ust as it is inequitable to permit a patentee who obtained his patent through deliberate misrepresentations or omissions of material information to enforce the patent against others, it is also inequitable to strike down an entire patent where the patentee committed only

---

[4] In addition, when evidence on the record contradicts a misrepresentation, the misrepresentation cannot be "material." See Star Sci., Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1366-67 (Fed. Cir. 2008) ("[I]t is well-established" that "information is not material if it is cumulative of other information already disclosed to the PTO"). The record before the PTAB contained evidence of the non-payment of the 11.5-year maintenance fee and the expiration date for all claims of the '258 Patent. See Pet'r's Reply to Claim Constr. Order Ex. 1013.

> minor missteps or acted with minimal culpability"). After all, the patentee obtains no advantage from misconduct if the patent would have issued anyway.

649 F.3d at 1292 (alterations in original).

AM General also argues that its defense of inequitable conduct may be raised because UUSI or its PTAB counsel violated the duty of candor owed to the PTAB during the institution stage of IPR by virtue of the argument about the expiration date. AM General contends that "[a]s a consequence of Uusi and its counsel's materially false and misleading statements made in violation of their duty of candor to the PTO, all claims of the '258 Patent are unenforceable." Mot. to Amend Ex. A, ¶ 90. AM General argues that UUSI or its counsel violated the duty of candor owed to the PTAB under 37 C.F.R. § 42.11(a) by (1) failing to state that UUSI did not pay the 11.5-year maintenance fee for the '258 Patent, (2) representing that Claims 17-18 of the '258 Patent did not expire until May 12, 2018, or (3) failing to state the date on which all other claims of the '258 Patent expired. Id. at ¶¶ 80, 83-84, 86. However, AM General never raised the allegation that UUSI violated the duty of candor with the PTAB. It would be inappropriate for this Court to inject itself into the ongoing proceedings of another tribunal and proceed to determine whether a party and its counsel's conduct violated that tribunal's rules. See Tr. at 17-18. In any event, AM General has not established a link between such undetermined potential violation of the duty of candor to the PTAB and patentability. As such, AM General's suggestion of a potential violation of the duty of candor is not a basis for permitting the severe allegation of inequitable conduct to be lodged.

In its October 27, 2016 Reply to the Claim Construction Order, AM General alluded to UUSI's potentially sanctionable misconduct under the PTAB's rules, stating that UUSI's argument about the expiration date of Claims 17-18 was "contrary to the undisputed facts, misleading and frivolous." Pet'r's Reply to Claim Constr. Order 1-2 (internal footnote omitted). In this reply AM General stated without elaboration that "[t]he Board's rules permit sanctions against a party for 'advancing a misleading or frivolous argument or request for relief.'" Id. at 2 n.2 (quoting 37 C.F.R. § 42.12(a)(2)). AM General has not sought sanctions against UUSI or any other relief from the PTAB regarding UUSI's alleged misconduct in the pending inter partes review of the '258 Patent. The PTAB has not addressed this alleged sanctionable conduct that AM General hinted at, and this unresolved administrative issue is not grounds for an inequitable conduct charge in this forum.

**Futility of AM General's Proposed Supplemental Defense of Inequitable Conduct**

In determining futility, the Court "'decide[s] whether a party's proposed amendment is facially meritless and frivolous.'" Katzin v. United States, 115 Fed. Cl. 618, 622 (2014) (quoting St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 155 (1994)). "A finding of futility in this procedural context requires the Court to determine that the proposed amendment is subject to dismissal or so wholly and patently lacking in merit that it cannot possibly succeed." Centech, 78 Fed. Cl. at 661; see Foman, 371 U.S. at 182; see also Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

Although Plaintiff UUSI's and PTAB counsel's arguments to the PTAB about the expiration date of Claims 17-18 might have been reckless or tenuous, the PTAB rejected them. These arguments had little procedural impact and no substantive impact on the institution phase of

inter partes review. Plaintiffs did not unfairly obtain either an unwarranted patent or an unwarranted favorable decision on claim construction from the PTAB. Because Third-Party Defendant AM General has not come close to pleading the requisite factual predicate giving rise to inequitable conduct, this defense would be futile.

## Conclusion

The Court **DENIES** Third-Party Defendant AM General's motion for leave to serve a supplemental answer to assert an inequitable conduct defense.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**